In the Matter of the General Assignment for the Benefit of Creditors of PASQUALE CIPRIANI, Assignor, to MICHAEL RICCI-ARDELLI, Assignee.

Supreme Court, Special Term, Bronx County, July 11, 1951.

*Benjamin H. Wicksel* for assignee.

MATTHEW M. LEVY, J. The proposed ex parte order for the discharge of the assignee cannot be signed. Before me are the meagre allegations that the deponent, who is the assignee, " has disbursed all of the funds in his hands as such assignee " " pursuant to the orders of this Court ", and that the assignee " has no funds whatsoever in his hands to the credit of this estate ". Cancelled vouchers are submitted, as is the last bank statement showing that the account is closed.

It should not have been necessary for the court to search in the voluminous files of the office of the County Clerk for the " orders " referred to and for the other papers in the proceeding. This the court nevertheless did, so as not to require the present presentation of copies of the filed papers necessary for an adequate disposition of this application.

But even so, the supporting affidavit now before me does not in any way fill the gap. If the assignee were persuaded to follow established procedure with appropriate — and, I feel sure, satisfying — professional artistry, he should be pleased to recite in his affidavit a short statement of the history and status of the proceeding, so that the court which is asked to discharge the assignee from the obligations of his fiduciary responsibilities and trust may be adequately informed of what has been done.

In any event, if required procedure is to be followed, the assignee should inform the court that he has filed a final report and account, which have been duly approved and allowed, and the assignee should present under oath a specific statement of the names of the creditors and others to whom payments were made by him, and the dates and amounts of such payments. The assignee should allege that he has made all the distributions directed by the court (rather than stating merely that payments made were " pursuant " to order), and that all the persons involved have received the respective sums to which they are entitled — particularly where, among the payments, there has been a percentage distribution to general creditors. Then the submission of the loose cancelled vouchers and the bank's intermediate and closing statements has some value.

The present proposed order is rejected, without prejudice to the presentation of an order of discharge based upon adequate allegations of what is jurisdictionally required.